*Phister & Throop, for appellants.*

---

### G. W. SULLIVAN *v.* A. M. RICE.

**Note — Surety Agreement — Credit — Fraud.**

> When the parties to a note agree that a certain payment shall be a credit on it, from that instant the debt is extinguished to that extent, and neither nor both of the parties can revive the indebtedness as against the surety, without his consent, by a future agreement to apply it on another account.   This would be fraud on the surety.

APPEAL FROM ADAIR CIRCUIT COURT.

December 8, 1866.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Sullivan having become bound in a note for $205 as the se-curity of Banet to Rice due January 1, 1859, in November after the note became due Banet sold to Rice lands to the amount of $150 and ordered it credited on said note, to which Rice agreed, it was then to all intents and purposes a payment, and extinguished that much of the note, and the remainder was the only sum due still and existing as a debt.

Rice in fact did not enter the credit on the note, but some four years afterward brought suit on it; Banet being served with proc-ess let judgment go by default after which Sullivan was served with process and pleaded said $150 as a payment to avoid which Rice shows that after judgment against Banet, and before Sulli-van answered, he and Banet had a settlement in which said $150 had been applied to other accounts, and the court to whom the case was referred adjudged against Sullivan on this issue.

It was evidently a payment and discharge of the note to that extent from the instant the parties agreed that it should be applied to that debt and neither one nor both the parties could revive the indebtedness as against Sullivan without his consent by a future agreement to apply it to some other account; this would be a fraud upon Sullivan's rights which the law does not recognize, especially as Banet had informed Sullivan he had paid the $150 soon after the transaction, and long before its misapplication to other accounts which probably originated after the payment.

The judgment is *reversed* with directions for a new trial and further proceedings in conformity herewith.

*Russell & Bramlette, for appellant.*

*Baker & Alexander, for appellee.*